JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 744

DEC -9 1987

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
PATRICIA HOWARD
CLERK OF THE PANEL

IN RE DALLAS CORPORATION "JIFFLOX" PRODUCTS LIABILITY LITIGATION

TRANSFER ORDER*

This litigation presently consists of fourteen actions pending in six federal districts, as follows:

| District | Actions |
|---|---|
| Southern District of Ohio | 6 actions |
| Eastern District of Pennsylvania | 2 actions |
| Southern District of Indiana | 2 actions |
| Northern District of Georgia | 2 actions |
| Eastern District of Kentucky | 1 action |
| Northern District of Indiana | 1 action |

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by plaintiffs in five Ohio actions to centralize the actions in this docket in the Southern District of Ohio for coordinated or consolidated pretrial proceedings.1/ Plaintiffs in the two Southern District of Indiana actions included in the Section 1407 motion, and in one potential tag-along action in that district, support the motion for centralization in the Southern District of Ohio. Defendant Dallas Corporation supports centralization but favors the Eastern District of Michigan as the transferee forum. Plaintiffs in the two Eastern District of Pennsylvania actions included in the Section 1407 motion, and in one potential tag-along action in that district, oppose inclusion of their actions in centralized pretrial proceedings in this docket.

---

* Judge Andrew A. Caffrey took no part in the decision of this matter.

1/ The Section 1407 motion included one additional action -- Jack Friedman v. TODCO, et al., M.D. Pennsylvania, C.A. No. 86-1124 -- that was dismissed by Judge Edwin M. Kosik in an order entered on September 14, 1987. Therefore the question of including this action in Section 1407 proceedings is now moot.

Also, one of the fourteen actions now before the Panel, Ernie Lemon, et al. v. The Dallas Corporation, etc., S.D. Ohio, C.A. No. C2-87-1222, was not included in the Section 1407 motion, but this action is included in the matter before us because all parties to this action have stated in writing their respective positions on the motion before us and have presented oral argument.

The Panel has been advised of the pendency in federal district courts of at least ten additional related actions. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981). Seven other related actions are pending in state courts in several states.

On the basis of the papers filed and the hearing held, the Panel finds that these fourteen actions involve common questions of fact and that centralization under Section 1407 in the Southern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions arise from claims of negligent and/or defective design of a so-called converter dolly used in the commercial trucking business and sold under the trade name of "Jiffox" (the Jifflox dolly). Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Southern District of Ohio, where six of the fourteen actions before us are already pending, is the appropriate transferee forum for this litigation. Additionally, we note that the Jifflox dolly was manufactured in Ohio by a Dallas Corporation division that has its principal place of business in Ohio.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A and pending outside the Southern District of Ohio be, and the same hereby are, transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable James L. Graham for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Robert H. Schnacke
Acting Chairman

SCHEDULE A

MDL-744 -- In re Dallas Corporation "Jifflox" Products Liability Litigation

Eastern District of Pennsylvania

Frederick Druckenmiller v. TODCO, a Division of Overhead Door Corporation, et al., C.A. No. 86-6791
Frederick Marsh v. TODCO a Division of Overhead Door Corporation, et al., C.A. No. 87-1763

Eastern District of Kentucky

Sammy Montgomery, et al. v. Dallas Corporation, C.A. No. 87-152

Southern District of Indiana

Tera Slaughter, et al. v. Dallas Corporation, Inc., etc., C.A. No. 86-1461C
Virgil Sawyers, et al. v. TODCO, a Division of Overhead Door Corporation, et al., C.A. No. 86-586C

Northern District of Indiana

Lewis Stepaniak v. TODCO, a Division of Overhead Door Corporation, et al., C.A. No. H-86-0565

Northern District of Georgia

Larry Grady Bray, et al. v. Dallas Corporation, C.A. No. C86-2348A
Willie Halpin, et al. v. Dallas Corporation, C.A. No. C86-2341A

Southern District of Ohio

Steven Daniels, et al. v. The Dallas Corporation, etc., C.A. No. C2-87-922
Jerry L. Miller, et al. v. TODCO, Division of Dallas Corporation, et al., C.A. No. C2-87-417
Odell Nelson, et al. v. Dallas Corporation, etc., C.A. No. C2-87-918
Estel Salmons, et al. v. The Dallas Corporation, etc., C.A. No. C2-87-976
Kenneth Skaggs, et al. v. Overhead Door Corporation, etc., C.A. No. C2-87-917
Ernie Lemon, et al. v. The Dallas Corporation, etc., C.A. No. C2-87-1222